UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

ANTHONY GRABINSKI,

        Plaintiff,

Case No. 1:06-CV-770

v.

Hon. Richard Alan Enslen

STATE OF MICHIGAN,

**JUDGMENT**

        Defendant.
_____/

      Plaintiff Anthony Grabinski, a *pro se* prisoner, has objected to United States Magistrate Judge Ellen S. Carmody's Report and Recommendation of January 18, 2007, which recommended the screening dismissal of his case pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. The Court reviews such objections *de novo* in accordance with 28 U.S.C. § 636.

      Upon such review, the Court finds that the Report and Recommendation should be adopted and this suit dismissed for the reasons given by the Magistrate Judge. The Magistrate Judge indicated in the Report that the Complaint should be dismissed due to its failure to state a claim. (Report at 2.) The reasoning borrows from the standards applicable to both Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). The latter rule provision relates to a failure to state a claim. The former rule provision relates to an absence of subject matter jurisdiction, which is a logical precondition for stating a claim. While the subjects are different, the legal standards are similar.

      Under Rule 12(b)(6), a court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). The allegations of the complaint must be construed in the favor of the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). The rules generally require only a "short and plain statement of the claim"

and not detailed allegations. *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993). Nevertheless, the complaint "must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.'" *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (quotations omitted.) The Court "need not accept as true legal conclusions or unwarranted factual inferences." *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).

For a "facial attack" arguing an absence of subject matter jurisdiction under Rule 12(b)(1), the pertinent standards for review are those identified in *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134-35 (6th Cir. 1996). Namely, the district court must assume that the plaintiff's allegations are true and must construe them in a light most favorable to the plaintiff. *Id.* Relief is appropriate only if, after such construction, it is apparent to the district court that there is an absence of subject matter jurisdiction. *Id. See also United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994) (citing *Scheuer*, 416 U.S. at 235-37).

In her analysis, the Magistrate Judge properly determined that the Complaint (which states that the criminal statute punishing criminal sexual conduct in Michigan violates multiple provisions of the Michigan Constitution) did not set forth a federal or diversity claim. This is required for jurisdiction under 28 U.S.C. §§ 1331 and 1332. Although Plaintiff argues jurisdiction under the Declaratory Judgment Act, 28 U.S.C. § 2201, the Magistrate Judge properly determined that this statute does not provide an independent basis for federal jurisdiction. *See Heydon v. MediaOne of Southeast Mich., Inc.*, 317 F.3d 466, 470 (6th Cir. 2003).

The Magistrate Judge also properly determined that the substance of the claims (which request relief for convictions <u>in violation of state law</u>) do not state viable claims under 42 U.S.C. § 1983. *See Baker v. McCollan,* 443 U.S. 137, 140 (1979)*; Lewellen v. Metro. Gov't of Nashville &*

2

*Davidson County, Tenn.*, 34 F.3d 345, 347 (6th Cir. 1994).  The Magistrate Judge was likewise correct in ruling that a claim for monetary damages against the State of Michigan is barred by the Eleventh Amendment.  Plaintiff argues that this prohibition does not apply because he is seeking "injunction relief" under the *Ex Parte Young* exception.  This argument lacks three things–an underlying federal claim, a named defendant who is a state officer, and a proper claim for injunctive relief.  Plaintiff also makes another similar argument relating to ancillary jurisdiction.  Assuming he means the supplemental jurisdiction statute, 28 U.S.C. § 1367, this argument is mistaken because supplemental jurisdiction depends on a viable federal claim.

For the reasons given here and in the Report and Recommendation, the Court also discerns no good faith basis for an appeal and will so certify pursuant to 28 U.S.C. § 1915(a).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997).

**THEREFORE, IT IS HEREBY ORDERED** that Plaintiff Anthony Grabinski's objections (Response, Dkt. No. 11) are **DENIED**, the Report and Recommendation (Dkt. No. 9) is **ADOPTED**, and this suit is **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

**IT IS FURTHER ORDERED** that such dismissal qualifies as a 28 U.S.C. § 1915(g) dismissal for the purposes of filing further *in forma pauperis* prisoner suits.

**IT IS FURTHER ORDERED** that the Court certifies pursuant to 28 U.S.C § 1915(a) that an appeal of the Judgment would not be taken in good faith.


Dated in Kalamazoo, MI:                   /s/Richard Alan Enslen
February 16, 2007                         Richard Alan Enslen
                                          Senior United States District Judge